IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV276-MU

CARMEL COUNTRY CLUB, INC., )
           Plaintiff, )
)
vs. )
)
ANNA EDWARDS SHEPARD, MARY )
ELLEN EDWARDS, JAMES HAMPTON )
EDWARDS, JR., THAD ALLEN )
EDWARDS and NICKLAUS RENE )
TRUCKENBRODT, )
)
           Defendants. )
_____)
)
NICKLAUS RENE TRUCKENBRODT, )
)
           Third-party Plaintiff, )
)
vs. )
)
BRANCH BANKING & TRUST CO., )
)
           Third-party Defendant. )
_____)

FILED
CHARLOTTE, N. C.

SEP 29 2005

U. S. DISTRICT COURT
W. DIST. OF N. C.

**JUDGMENT BY CONSENT**

THIS MATTER comes before the Court upon Motion of the Plaintiff, Defendant Nicklaus Rene Truckenbrodt and Third-party Defendant BB&T Corporation for a Judgment By Consent in this action.

Upon review of the record in this matter, the Court makes the following FINDINGS OF FACT by consent:

1. The Plaintiff is a North Carolina nonprofit corporation with a principal place of business in Charlotte, Mecklenburg County, North Carolina. The Plaintiff owns and operates a country club, including restaurant facilities and golf courses, on Carmel Road in Charlotte, North Carolina.

2. Defendant Anna Edwards Shepard (hereinafter "Defendant Shepard"), upon information and belief, is a citizen and resident of Concord, Cabarrus County, North Carolina.

Defendant Shepard is a sister of Steven Wayne Edwards, late of Charlotte, Mecklenburg County, North Carolina (hereinafter "the decedent").

3. Defendant Mary Ellen Edwards (hereinafter "Defendant Mary Edwards"), upon information and belief, is a citizen and resident of Charlotte, Mecklenburg County, North Carolina. Defendant Mary Edwards is a sister of the decedent.

4. Defendant James Hampton Edwards, Jr. (hereinafter "Defendant James Edwards"), upon information and belief, is a citizen and resident of Satellite Beach, Florida. Defendant James Edwards is a brother of the decedent.

5. Defendant Thad Allen Edwards (hereinafter "Defendant Thad Edwards"), upon information and belief, is a citizen and resident of Fort Worth, Texas. Defendant Thad Edwards is a brother of the decedent.

6. Defendant Nicklaus Rene Truckenbrodt (hereinafter "Defendant Truckenbrodt"), upon information and belief, is a citizen and resident of Monroe, Union County, North Carolina. Plaintiff is informed and believes that Defendant Truckenbrodt is a stepson of the decedent.

7. The decedent, who died in Mecklenburg County on November 23, 2004, was an employee of the Plaintiff at the time of his death.

8. As part of the benefits offered to the Plaintiff's employees, the decedent participated in a Defined Contribution Pension Plan to accumulate funds for his retirement. The Plan is called the Carmel Country Club 401(k) Plan and is covered by ERISA (29 U.S.C.A. § 1100 *et seq.*)

9. As of the date of his death, the decedent was vested in the Plaintiff's 401(k) plan, and had a plan balance in the approximate amount of $25,000.

10. At the time of his death, the decedent was not married.

11. On or about December 17, 2003, Plaintiff is informed and believes that the decedent completed a Beneficiary Designation form, which is attached hereto and incorporated herein as Exhibit A.

12. The decedent completed the identifying information and beneficiary designation sections of the form, but failed to sign Section III of the form. Under the terms of the 401(k) plan as presently adopted by the Plaintiff, if an employee fails to designate a beneficiary, then the employee's benefits will be paid on death to the employee's heirs-at-law.

13. All original Defendants in the action waived service of summons, and Answers for all were due on August 19, 2005. However, Defendant Shepard sent a letter to counsel for the Plaintiff on July 13, 2005. That letter is attached hereto and incorporated herein as Exhibit B.

2

14. Defendants Shepard, Mary Edwards, James Edwards and Thad Edwards all failed to file Answers in this action on or before August 19, 2005, and Entries of Default against all four were made by the Court on September 7, 2005.

15. On August 19, 2005, Defendant Truckenbrodt filed an Answer, Counterclaim and Third-party Complaint and served BB&T Corporation as Third-party Defendant. Branch Banking & Trust Company (hereinafter "BB&T") is the Trustee of the referenced 401(k) plan. BB&T is therefore the real party in interest in this action and is substituted herein in lieu of BB&T Corporation.

16. The Plaintiff and Defendants Truckenbrodt as evidenced by the signatures of their counsel and/or representatives on this Judgment By Consent, are in agreement that the 401(k) plan balance for the decedent should be paid to Defendant Truckenbrodt and BB&T does not object to the making of said payment.

Based on the foregoing FINDINGS OF FACT, the Court concludes as a MATTER OF LAW:

(1) This Court has jurisdiction over this action pursuant to 28 U.S.C.A. § 1335;

(2) Venue is proper in this district pursuant to 28 U.S.C.A. § 1397;

(3) The relief requested by the Plaintiff and Defendants Truckenbrodt and BB&T should be GRANTED.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED:

(1) All Defendants are hereby restrained from instituting any other action against the Plaintiff or Defendant BB&T for recovery of the 401(k) account of the decedent;

(2) Upon the completion of the 401(k) Plan distribution form by Defendant Truckenbrodt, and his delivery of same to BB&T, BB&T shall pay the proceeds of the decedent's 401(k) plan to Defendant Truckenbrodt in accordance with the distribution requirements of the plan documents;

(3) All parties acknowledge and agree that the payment of the 401(k) proceeds to Defendant Truckenbrodt is a taxable event, and Defendant Truckenbrodt acknowledges receipt from BB&T of the special tax notice regarding the distribution.

(4) Each party to this action shall bear its own costs, including attorneys' fees.

This the 29TH day of September, 2005.

*Robert J. Conrad, Jr.*
Robert J. Conrad, Jr.
United States District Court Judge

We Consent:

*Lisa G. Godfrey*
Lisa G. Godfrey
Attorney for Plaintiff

_____
Harry B. Crow, Jr.
Attorney for Defendant/
Third-party Plaintiff Truckenbrodt

*Bentford E. Martin*
Bentford E. Martin
Attorney for Third-party Defendant

This the 2nd day of September, 2005.

*Robert J. Conrad*
Robert J. Conrad, Jr.
United States District Court Judge

We Consent:

_____
Lisa G. Godfrey
Attorney for Plaintiff

*Harry B. Crow, Jr.*
Harry B. Crow, Jr.
Attorney for Defendant/
Third-party Plaintiff Truckenbrodt

_____
Bentford E. Martin
Attorney for Third-party Defendant

4

# EXHIBIT A

## Beneficiary Designation

Use this form to specify your beneficiaries in the event of your death prior to complete distribution of your plan benefits. If you are married (and not separated by court decree), a separate Consent of Spouse form must accompany this form, unless your spouse if your sole primary beneficiary.

### Section I. Identifying Information

**Participant Name:** STEVEN W. EDWARDS

**Social Security Number:** ###-##-4724

**Plan Name:** Carmel Country Club, Inc. 401(k) Plan

**Marital Status:** ☐ Married  ☒ Not married

### Section II. Beneficiary Designation

Pursuant to the provisions of the Plan permitting the designation of a beneficiary or beneficiaries by a participant, I hereby designate the following person or persons as primary and contingent beneficiaries of my Account Balance under the Plan payable by reason of my death: (Attach additional pages if needed.)

**Primary Beneficiary/Beneficiaries:**

**Name:** NICK TRUCKENBRODT

**Social Security Number:** ###-##-4153

**Address:** 2504 TARA DR. MONROE, N.C. 28112

**Relationship:** STEPSON

**Contingent Beneficiary/Beneficiaries:**

**Name:** _____

**Social Security Number:** _____

**Address:** _____

**Relationship:** _____

*Effect of divorce:* A divorce decree or a decree of legal separation may automatically revoke a designation of your spouse as a beneficiary, unless the decree or a qualified domestic relations order provides otherwise. Check with your Plan Administrator for details.

*Trust beneficiary:* If you name a trust as a beneficiary, you also must satisfy additional documentation requirements no later than your "required beginning date." The plan administrator will provide you with the additional forms you must complete.

### Section III. Participant Signature and Consent

I reserve the right to revoke or change any beneficiary designation. I hereby revoke all prior designations (if any) of primary beneficiaries and contingent beneficiaries. The Trustee will pay all sums payable under the Plan by reason of my death to the primary beneficiary, if he or she survives me, and if no primary beneficiary survives me, then to the contingent beneficiary, and if no named beneficiary survives me, then the Trustee will pay all amounts in accordance with the Plan. I understand that, unless I have provided otherwise above, the Trustee will pay all sums payable to more than one beneficiary equally to the living beneficiaries.

**Signature of Participant:** _____  **Date:** _____

### Section IV. Receipt by Plan Administrator (For employer use only.)

The Plan Administrator acknowledges receipt of this beneficiary designation and the accompanying spousal consent.

**Signature of Plan Administrator:** _____  **Date:** _____

Beneficiary Designation 111 (April 2002)

**BB&T TRUST**

7/13/2005

Dear Lisa G Godfrey,

Let it be known that we, the surviving siblings of Steven Wayne Edwards, do hereby relinquish the rights of the said 401K proceeds. Said proceeds were clearly designated for Nicholas Truckenbrodt (his step-son, Nick) as the attached copy is clearly our brother's handwriting. Steve was distraught after the death of his wife and the oversight of his signature was merely human error.
However, we feel it is not our place (surviving siblings) to pay any court or attorney fees. This fee should be incurred by Nicholas Truckenbrodt solely.

Nicholas mentioned to me, in passing sometime in December of '04, that he was having difficulty collecting his proceeds because there was no signature. I gave it no further thought. He has not tried to contact us any further until this "Notice of Lawsuit".

Again, we have no problem with Nick receiving the 401k proceeds and wish this matter to be complete. This consensus was agreed upon through phone conversations but we all agreed it is to be his.

Would you be so kind as to forward this to his attorney?

Sincerely,

*Anna Edwards Shepard*
Anna Edwards Shepard